Filed 4/22/16  P. v. Fernandez CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  The opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>  v.<br><br>JORGE FIDEL FERNANDEZ,<br><br>  Defendant and Appellant. | G052712<br><br>(Super. Ct. No. 15CF1031)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, John S. Adams, Judge.  Affirmed.

Erica Gambale, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

\*       \*       \*

A jury convicted Jorge Fidel Fernandez of misdemeanor indecent exposure (Pen. Code, § 314, subd. (1)). Fernandez appealed, and his appointed counsel filed a brief under the procedures outlined in *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). Counsel summarized the facts and procedural history of the case, but raised no specific issues, and asked this court to review the record to determine whether there were any arguable matters. Counsel submitted a declaration stating she thoroughly reviewed the record. Counsel advised Fernandez she would file a *Wende* brief, and provided a copy of the brief to him. She also advised Fernandez he could personally file a supplemental brief on his own behalf raising any issues he believed worthy of consideration, and she sent him a copy of the appellate record. She also informed Fernandez he could ask the court to relieve her as counsel. We gave Fernandez 30 days to file a supplemental brief, but he has not responded. We have reviewed the record, found no arguable issues, and therefore affirm the judgment.

FACTS AND PROCEDURAL HISTORY

In June 2015, the Orange County District Attorney filed an information alleging Fernandez committed the felony offenses of resisting an executive officer by force or violence (Pen. Code, § 69 [counts 1 & 2]; all statutory references are the Penal Code), misdemeanor indecent exposure (§ 314, subd. (1) [count 3]), and misdemeanor false representation to a peace officer (§ 148.9, subd. (a)). It also alleged Fernandez had suffered three prior convictions within the meaning of section 667.5, subdivision (b).

At Fernandez's trial, Jovita Lopez testified she was walking her six-year-old grandson to his Santa Ana school on the morning of May 13, 2015. She saw Fernandez across the street from the school, walking and grabbing his pants up and down with one hand while waving or beckoning in the direction of the school with the other

2

hand.  On three occasions he pulled down his pants so that he exposed his penis.  He was laughing and calling children over.

Lopez's husband Raul Ochoa, who had just driven Lopez and the grandson to an area near the school, also saw Fernandez pull his pants down to his knees, grab his penis, and call "the little kids, come here, come here, come here."  Lopez apparently advised school officials, who phoned the police.

Santa Ana Unified School District Police Officer Peter Krantz, wearing a uniform and driving a marked patrol car, saw Fernandez standing facing the school with his hands in his pockets and wearing no shoes.  Fernandez "didn't seem normal" and "wasn't coherent."  Krantz said something like "police officer, come here," but Fernandez said he had "an emergency" and had to leave, and then sprinted away.  Krantz radioed other officers and pursued Fernandez in his car.  The officers cornered Fernandez in a grocery store parking lot, and Corporal Jean-Pierre Nadeau tackled him after he refused orders to get down on the ground.  Fernandez resisted and struggled with Nadeau and Krantz on the ground, ignoring repeated commands to submit, but officers, now numbering four or five in total, managed to pull Fernandez's arms out from under his body and handcuff him.  Nadeau, whose arm got stuck under Fernandez's body during the struggle, suffered scratches on his right forearm.

*Defense*

Patricias Barcenas worked at the elementary school.  After Lopez and Ochoa reported Fernandez's behavior, she reported the incident to the principal's secretary and then went outside.  She saw Fernandez grabbing his pants and "holding on to it because . . . he wasn't wearing a belt . . . [and] they would drop and he would pick them up . . . ."  His pants appeared to be too large for him.  He also appeared to be "drunk or something."

Ochoa told a defense investigator Fernandez stuck his tongue out and moved his head as if to bite his own ear.  When an officer pulled up, Fernandez pulled

3

down his pants and began shouting "look, motherfucker," and began masturbating in front of the officer. The officer told him to pull up his pants and Fernandez said "fuck you, fuck you." Krantz denied that Fernandez made the "motherfucker" statement or masturbated in front of him.

The trial court acquitted (§ 1118.1) Fernandez of resisting an executive officer by force or violence (§ 69 [counts 1 and 2]) and false representation (§ 148.9 [count 4]). The jury convicted him of indecent exposure. The court suspended imposition of sentence and placed Fernandez on informal probation on various terms and conditions, including a jail term with credit for time served. The court advised him he had to register as a sex offender (§ 290).

## DISCUSSION

Following *Wende* guidelines, we have reviewed counsel's brief and the appellate record and discern no arguable issue. This includes counsel's suggestion we consider whether sufficient evidence supported Fernandez's conviction for indecent exposure. Fernandez has not availed himself of the opportunity to file a supplemental brief (*People v. Kelly* (2006) 40 Cal.4th 106, 111 [appellate court must address issues raised personally by appellant in a *Wende* proceeding]), nor has he requested to have appellate counsel relieved. We therefore affirm the judgment. (*Wende, supra,* 25 Cal.3d at p. 443.)

DISPOSITION

The judgment is affirmed.


ARONSON, ACTING P. J.

WE CONCUR:


FYBEL, J.


IKOLA, J.